UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21CR0038 AGF (NAB) |
| ROBERT ISTILL MCNAIR, | ) ) ) |
| Defendant. | ) |

# **ORDER**

This matter is before the Court on the Defendant's pretrial motion to suppress physical evidence. All pretrial motions were referred to United States Magistrate Judge Nannette A. Baker under 28 U.S.C. § 636(b). Defendant Robert Istill McNair filed a Motion to Suppress Evidence, namely a pistol, ammunition, and two pistol magazines, seized during a search of his residence. (Doc. No. 37). The search was conducted based on suspicion of a violation of the terms of his supervised release, and pursuant to the terms of his supervised release conditions. Defendant is charged by Indictment with one count of being a Felon in Possession of a Firearm based on the firearm discovered during the search. The case is currently set for trial on January 31, 2022.

In his motion to suppress, Defendant asserted that there was no reasonable suspicion that Defendant's residence contained contraband or evidence of a violation of his supervised release. Defendant also asserted that any reasonable suspicion the probation officer had become stale by the time the search was conducted, approximately 79 days after the events first giving rise to the suspicion.

`

Judge Baker held an evidentiary hearing on July 23, 2021, at which Defendant's Probation Officer, Rebecca Cory, testified and was subject to cross-examination. Ms. Cory was an experienced probation officer who had supervised approximately 500 people on supervised release. The parties submitted post-hearing briefs, and Judge Baker issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress be denied. (Doc. No. 52.)

Defendant filed objections to the R&R, generally objecting to "the factual and legal conclusions that the search and seizure [of each of the various items seized] was conducted pursuant reasonable suspicion and was lawfully seized." Defendant also objects to "the factual and legal conclusions that the search and seizure of the aforementioned items was not stale by the time the search was conducted." (Doc. No. 54.) In his objections, Defendant does not specify or detail any particular factual findings that he challenges, referencing only the conclusion that there was reasonable suspicion. The government filed a response to the objections.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly concluded that the

probation officer had reasonable suspicion to believe that Defendant had violated his conditions of supervised release, and that the information on which the search was based was not impermissibly stale.

At the time of the relevant events, Defendant was on supervised release, following his conviction for conspiracy to distribute 500 grams of a mixture containing methamphetamine.  *See United States v. McNair*, 2;17-CR-04036-SRB (W.D. Mo. May 9, 2019).   His supervision was transferred to this district following his release from prison, and assigned Case No. 4:20CR0044.   Defendant's conditions of supervision included requirements that he not "own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon"; that he not leave the judicial district without first obtaining permission of the probation officer; and that he truthfully answer the questions of the probation officer.   He also had a search condition that provided: "defendant shall submit his person and any property, house, residence . . . and effects to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release."

The Court adopts and incorporates the thorough findings of fact contained in the R&R.   In summary, on August 19, 2020, the probation officer received a call from Defendant advising that he had had contact with law enforcement and had witnessed an accident.   Soon thereafter, however, the probation officer received conflicting information from the Illinois State Trooper who responded to the accident.   He advised that Defendant was involved in a motorcycle accident in Illinois.   Defendant stated he

was the driver, and no other persons were involved. In his discussions with the trooper, Defendant indicated his property was scattered in a ditch by the side of the road. After Defendant left, the trooper searched the area where Defendant's property was scattered, and found a loaded firearm. The probation officer thereafter contacted Defendant again, and his responses apparently did not allay her suspicions. Based on this information the probation office obtained approval of the district judge to conduct a search of Defendant's residence.[1] However, due to COVID restrictions, the search was delayed. In the interim, Defendant's conditions of supervision were modified to include location monitoring. In the search of Defendant's bedroom on November 12, 2020, the probation officers found in Defendant's nightstand a pistol, ammunition which matched the caliber of the firearm found at the accident scene, and two pistol magazines.

     As the Magistrate Judge properly recognized – and Defendant does not contest – a defendant under supervised release has a significantly diminished expectation of privacy, described as "the most circumscribed expectation of privacy," and when subject to a search condition, such as the one here, the probation officer may conduct a search based upon reasonable suspicion of a violation of supervised release. *United States v. Makeeff*, 820 F.3d 995, 1001 (8th Cir. 2016); *United States v. Hilton*, 625 Fed. App'x 754, 758 (6th Cir. 2015) (recognizing for Fourth Amendment purposes, an individual's violation of terms of supervised release is comparable to violating a criminal statute, and "a search

---

[1] Jurisdiction was transferred to this district on January 16, 2020, and the case pertaining to Defendant's supervision was assigned to the Hon. Stephen R. Clark. The case with respect to Defendant's supervision was thereafter transferred to the undersigned on January 22, 2021, following Defendant's indictment on the new charge of being a felon in possession of a firearm.

4

based on reasonable suspicion can be used to seek evidence of a violation of a criminal statute or a supervised release violation.").

The Court agrees with the findings and conclusion of the Magistrate Judge that the probation officer had reasonable suspicion of both criminal violations by Defendant, as well as violations of the terms of his supervised release.  Based on the information provided by the Illinois State Trooper following his encounter with Defendant in Illinois, the probation officer had ample reasonable suspicion that Defendant had possessed a firearm, which would constitute both a violation of the law and a violation of the terms of his supervision.  She also had clear evidence that Defendant had left the district without prior approval, and reason to believe that Defendant had not truthfully responded to her inquiries about the accident.  Based on this information, the Court finds that the probation officer had objectively reasonable suspicion to believe that Defendant had violated the terms of his supervision, and that evidence of these violations, including ammunition or other evidence related to his possession of the firearm, would be located in a search of his residence.

Although the search approved by the District Judge was not conducted until approximately 79 days later, due to COVID restrictions, the Court agrees with the conclusion of the Magistrate Judge that the search was not untimely.  First, the Court agrees that the search, conducted pursuant to the search conditions of his supervised release, was not subject to the requirements of Rule 41 of the Federal Rules of Criminal Procedure.  The Court also agrees that the information supporting the search was not stale, notwithstanding the passage of more than two months.  The Magistrate Judge

5

relied on *United States v. Neal*, 528 F.3d 1069, 1074 (8th Cir. 2008), and other cases from this Circuit, which recognize that "[i]nformation that someone is suspected of possessing firearms illegally is not stale, even several months later, because individuals who possess firearms tend to keep them for long periods of time." R&R at 8.  These cases are somewhat distinguishable, because the firearm at issue was purportedly lost in the ditch following Defendant's motorcycle accident.  However, the Court finds that the rationale applies with equal force to Defendant's likely continued possession of ammunition, as well as the possible possession of another firearm.  And in the months that followed, Defendant never truthfully advised the probation officer of what had occurred at the time of his accident.  In addition, much closer in time to the date of the search, Defendant continued to commit new violations of the terms of his supervision by going to locations not authorized by the terms of his location monitoring.  Thus, the probation officer had reasonable suspicion that Defendant was continuing to violate the terms of his supervision, and that evidence of one or more of those violations would be located pursuant to a search of his residence.[2]

---

[2] The Court notes that Defendant did not seek to suppress any statements made by him on the date of the search.  Here, prior to the search, on the way to the residence, Defendant admitted that there was a firearm in the residence, which he stated belonged to his roommate.  This statement by Defendant, when coupled with evidence of his prior possession of a firearm, provides a separate and independent basis for reasonable suspicion to believe that evidence of Defendant's possession of a firearm or ammunition would be located in the residence.

Thus, after careful *de novo* consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Baker in her recommended ruling, as further explained herein.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 52] is **SUSTAINED and ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [Doc. No. 37] is **DENIED**.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2021.